UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 3:14-CV-30100-MAP

| | |
|---|---|
| FAITH JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| V. | ) |
| | ) |
| | ) |
| AMHERST NURSING HOME, INC. D/B/A | ) |
| CENTER FOR EXTENDED CARE AT | ) |
| AMHERST, KEENA KEERAN, and | ) |
| RASIDI AKODU, | ) |
| | ) |
| Defendants | ) |

## DEFENDANT RASIDI AKODU ANSWER TO THE PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Rasidi Akodu (hereinafter referred to as "Defendant") hereby answers the complaint as follows. The defendant will also respectively states that the summons was received by the defendant on November 28, 2014. The stated date was the first time the defendant was aware of the lawsuit. It's also worth to note that the defendant receive the summons without any attached complaint.

1

1. The defendant acknowledge to know Faith Johnson (hereinafter referred to as "plaintiff"). as a former colleague while working at the Center for Extended Care at Amherst (hereinafter referred to as "CECAA") situated at 150 University Drive, Amherst Massachusetts.

2. The defendant and the plaintiff are employed at CECAA as a certified nurse aide (CNA), both often work on a specialized unit called "Dharma".

3. The defendant started employment with CECAA in or about April 2010.

4. Due to the defendant's work ethics and dedication to work. the defendant rose to be among the trainers group, which comprises of few dedicated staff that are trusted with training newly hired employee.

5. The allege incident of sexual harassment between the defendant and the plaintiff in or about August of 2012 was a complete false accusation, and was orchestrate by the plaintiff for reason best known to the plaintiff.

6. The plaintiff's claim is false, and the plaintiff has failed to establish facts to support her claim.

7. On the purported day of the incident. the defendant was alone in a resident's room watching TV (watching a game of soccer to be precise), until the plaintiff came inside the room.

8. The defendant couldn't accurately remember the conversation brought up by the plaintiff, but it was about the ability of the plaintiff to play soccer.

9. The defendant was randomly going back to the nursing station (a place dedicated for nurses and nurse aide to assemble). in order to be visible to other employee.

10. The defendant was called from home the following day by the Director of nursing (hereinafter referred to as the "D.O.N."), to stay away from work until investigation into an allegation of sexual harassment brought up by the plaintiff is conducted.

11. The defendant was called-in for a meeting by the D.O.N. after about four days, where the defendant was briefed of the investigation conducted, and with no fact to confront the defendant on the allegation.

12. The D.O.N. thereby enumerate the impact of the incident as it relates to other employee, the hostility among different employee as regards the allegation, and the need to keep a conducive working environment.

13. The defendant at this point felt unsafe to continue working around the plaintiff, and to move on from the emotional stress suffers as a result of the false allegation, the defendant voluntarily resign from his employment with CECAA, the date of the resignation been August 27, 2012.

14. The defendant also denies the allegation by the plaintiff that he was asked to resign by the management, in order to maintain his nurse aide certification. This was untrue and also cannot be substantiate by the plaintiff.

15. During the course of investigation that's conducted by the management of CECAA into the allege incident, the plaintiff was believed to have told another employee before the incident that her employment with CECAA was about to be terminated, and the said employee believe that's why the plaintiff came up with the false allegation against the defendant.

16. The defendant cannot answer to the allegation by the plaintiff as it relates to the allegation of "Sex/Gender Discrimination and Harassment" by CECAA's management, as the defendant is no more an employee at the time.

17. The allegation that the defendant assaulted other individuals at CECAA has no basis, it's unfounded, and it's the plaintiff's way of trying to discredit the defendant.

18. The defendant has maintain a crime-free reputation since birth, the defendant have never been arrested for any breach of law, or engage in any illegal act, either minor or serious offense.

19. The defendant is a father of two lovely children, boy and a girl, 7 and 11 year old respectively. The defendant maintain good moral behavior in and around friends and families.

20. The defendant is a devoted member of the Redeemed Christian Church of God, Hadley Massachusetts, which teaches good moral values, service to God, and avoidance of sin.

21. The defendant is presently a criminal justice student, with good standing membership of the National Criminal Justice Honor Society (Alpha Phi Sigma), and the Alpha Beta Kappa Honor Society, this was stemmed from the respect for the justice system and the long standing etiquette the defendant was raised with.

22. Shortly after the defendant resign from CECAA, it dawn on the defendant the possible reason why the plaintiff would wrongly accuse him, this are explains further.

23. The defendant while working at CECAA, has a reputation of calling-out bad behaviors, and bad work ethics among employee.

24. The defendant, on numerous occasion has confront the plaintiff for bad work ethics, rough handling of residents, and most often exposing the residents to dangerous situation by caring for resident alone, when in fact, the resident is meant to be cared for by two employee.

25. The defendant, has on one occasion report the incident to the D.O.N., who told the defendant "Rasidi please it's not your job to confront your colleague, don't create an enemy for yourself because you still have to work with them".

26. The defendant have also on numerous occasion confront the plaintiff for smoking marijuana during working hours, the plaintiff brings marijuana to work every day, and also share it among few other employee. The defendant on one occasion told the plaintiff "you can't come to work high on drugs when you are supposed to care for elderly residents with Alzheimer's disease", at some point the plaintiff called the defendant names like "Snitch" and "CCTV".

27. The defendant was also a reason why a friend and former roommate of the plaintiff (Felicia Feliciano) refrain from being friends with the plaintiff. The defendant explains to Felicia Feliciano the need to stop been friendly with the plaintiff, because of extreme dependents on marijuana by the plaintiff, often during working hours.

28. The defendant also advice another employee of CECAA (Charles – can't remember last name) to refrain from allowing the plaintiff to drive his car, because the plaintiff doesn't have a driver's license at the time. It's worth to note that the said Charles came to the defendant for advice, after the plaintiff have been driving the motor vehicle around for many days.

29. The defendant and the plaintiff have always maintain different animosity towards one another, with the defendant knowing the plaintiff's constant disrespect for the law, and the plaintiff perceiving the defendant to be a "snitch", which means the defendant is a threat to the plaintiff's unlawful behavior.

30. The defendant hereby denies all allegations of paragraph "10", "11", "12", "19" and "20", of the plaintiff's complaint.

**WHEREFORE**, the defendant, Rasidi Akodu, duly prays that this court dismiss the complaint of the plaintiff herein, in its entirety as to the allegations against the defendant.

Respectfully Submitted,


The Plaintiff
RASIDI AKODU
By Self

*[signature]*


Dated: December 15, 2014

## CERTIFICATE OF SERVICE

I hereby certified that this document was served on the plaintiff's attorney by mail on December 15. 2014 at the following address:

Michael O. Shea, Esq.
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095

_____
Rasidi Akodu
P O Box 3293
Amherst, MA 01004