UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:14-cv-30100-MGM

FAITH JOHNSON,

                    Plaintiff

v.

AMHERST NURSING HOME, INC. D/B/A
CENTER FOR EXTENDED CARE AT
AMHERST, KEENA KEERAN and RASIDI
AKODO,

                    Defendants

**MOTION FOR LEAVE GRANTED ON
DECEMBER 16, 2014**

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Faith Johnson (hereinafter referred to as the "Plaintiff"), is a natural person, currently residing at 28 Sharon Lane, Feeding Hills, Hampden County, Massachusetts.

2. The Defendant, Amherst Nursing Home, Inc. d/b/a Center for Extended Care at Amherst, (hereinafter referred to as "Defendant CECAA" or collectively as "Defendants"), is a corporation that operates a business facility located at 150 University Drive, Amherst, Hampshire County, Massachusetts.

3. The Defendant, Keena Keeran (hereinafter referred to as "Defendant Keeran" or collectively as "Defendants"), is a natural person with a last known business address of 150 University Drive, Amherst, Hampshire County, Massachusetts.

4. The Defendant, Rasidi Akodo (hereinafter referred to as "Defendant Akodo" or collectively as "Defendants"), is a natural person, with a last known business address of 150 University Drive, Amherst, Hampshire County, Massachusetts.

**Jurisdiction**

5. This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise.  There are federal questions of law and the amount in controversy is in excess of $75,000.00.  The Plaintiff's claims are brought under the Title VII of the Civil Rights Act of 1964, as amended.

**Facts**

6. The Plaintiff is a handicapped/disabled individual under state and federal law; the Plaintiff was born without a left hand.

7. The Plaintiff began her employment with the Defendant CECAA in or about 2010 as a per-diem (full-time) certified nurse aide ("CNA").

8. The Defendant CECAA employs more than twenty employees.

9. The Plaintiff worked on the Defendant CECAA's Dharma Unit. The Dharma Unit is a specialized unit dedicated to the care of residents suffering from Alzheimer's disease or dementia.

10. The Plaintiff performed her job responsibilities well throughout the course of her employment with the Defendant CECAA.

11. On or about August 22, 2012, while the Plaintiff was cleaning up a resident's room, the Plaintiff was sexually assaulted by the Defendant Akodo, a male CNA employed by the Defendant CECAA.

12. The Defendant Akodo attacked the Plaintiff from behind and restrained the Plaintiff by

wrapping his arm around the Plaintiff's stomach.  Although the Plaintiff fought back, physically trying to break free and continuously yelling for the Defendant Akodo to stop, the Defendant Akodo proceeded to attempt to rape the Plaintiff.

13. The Plaintiff, eventually, was able to break free from the Defendant Akodo and ran out of the resident's room.

14. The Plaintiff reported the sexual assault to management of the Defendant CECAA, including the Defendant Keeran, Manager of the Defendant CECAA's Dharma Unit as well as Joanne Lampron, Director of Nursing, among other management.

15. In response to the Plaintiff's report of sexual assault, management of the Defendant CECAA misled the Plaintiff into believing that the police would be notified of the same and that the Defendant Akodo would be terminated. Management also indicated that the Plaintiff's report would be kept confidential.

16. Shortly thereafter, employees and management of the Defendant CECAA including, but not limited to, the Defendant Keeran, began to harass and retaliate against the Plaintiff.

17. When the Plaintiff handed her written statement of the sexual assault, Ms. Lampron took the statement, tossed it aside and made a comment to the effect of "well, we don't need this anymore because you're being terminated." Ms. Lampron informed the Plaintiff that she was being terminated due to an alleged no-call/no-show.

18. Although the Plaintiff was able to rebut the reasons given for the termination of her employment successfully, management of the Defendant CECAA continued to harass the Plaintiff thereafter in an effort to force the Plaintiff to resign from her employment.

19. For example, the Defendant Keeran harassed the Plaintiff by not responding to the Plaintiff when she asked her a question and seemingly going out of her way to not

acknowledge the Plaintiff at all.

20. On other occasions, in or about September of 2012, management of the Defendant
CECAA changed the Plaintiff's set work schedule without notifying her first which led to
the Plaintiff missing a scheduled work shift.

21. Although the Plaintiff's complaint of the sexual assault was supposed to be kept
confidential by management of the Defendant CECAA, upon the Plaintiff's return to
work, the Plaintiff's coworkers were openly discussing the sexual assault. The Plaintiff's
coworkers harassed her because of the sexual assault. For example, several coworkers
would call the Plaintiff a "liar" and say that she had made up the sexual assault. Several
coworkers, when the nurses assigned work schedules at the beginning of the shift, would
refuse to work with the Plaintiff making comments such as "I don't want to fucking work
with her." On one occasion, another CNA, carrying a tray of food including a cup of hot
coffee, purposefully collided with the Plaintiff while passing in the hallway causing the
tray to spill over the Plaintiff. There are other examples as well.

22. The foregoing acts of harassment and retaliation created a hostile work environment for
the Plaintiff which continued until the Plaintiff's last day of employment at the Defendant
CECAA on September 22, 2012.

23. The Plaintiff reported the harassment to management of the Defendant CECAA in an
effort to remedy the same within the last few days preceding her constructive discharge
of employment on September 11, 2012. The Plaintiff first requested that she not be
scheduled to work on the Dharma Unit anymore and then later requested that she be able
to switch to a regular position on another unit. However, management of the Defendant
CECAA denied both of the Plaintiff's requests.

24. Within a few days of the constructive discharge of Johnson's employment, a supervisor informed the Plaintiff that she needed to watch her back because the Defendant Keeran and Ms. Lampron wanted to get rid of her.

25. On or about September 11, 2012, due to the hostile work environment and the harassment and retaliation itself, the Plaintiff was forced to resign from her employment with the Defendant CECAA and was constructively discharged.

26. The Plaintiff's last day of employment at the Defendant CECAA was on or about September 22, 2012.

27. In or about July of 2013, the Plaintiff was informed of a communication with a manager which revealed that the Defendant Akodo had never been terminated from his employment at all but, rather, had been asked to resign so that he would not lose his nurse's aide certification.

28. Upon information and belief, the Defendant Akodo sexually assaulted other individuals at the Defendant CECAA which went unreported and the Defendant Akodo is currently employed at another long-term nursing facility in the area.

29. To date, and to the Plaintiff's knowledge, the Defendant CECAA never notified the police of the sexual assault.

30. The Plaintiff has satisfied the prerequisites to filing suit.

<u>**Count I**</u>
**(Title VII of the Civil Rights Act of 1964, as Amended ("Title VII") - Sexual Harassment)**
**Plaintiff v. Defendant CECAA**

31. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

32. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of her by the Defendant Akodo, an employee of the

Defendant CECAA.

33. The Plaintiff was constructively discharged from her employment, at least in part, based
    upon her reporting of and/or resisting of said sexual harassment and the sexual
    harassment itself.

34. This environment and the conditions imposed upon the Plaintiff related to and adversely
    affected the terms and conditions of her employment.  The Plaintiff suffered a hostile
    work environment.

35. The Plaintiff was severely and adversely affected by the Defendants' conduct and the
    failure of the Defendants to take reasonable steps to ensure that this discriminatory
    conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Faith Johnson, respectfully requests judgment against the
Defendant, Amherst Nursing Home, Inc. d/b/a Center for Extended Care at Amherst, and for all
damages available pursuant to Title VII.

### Count II
### (Title VII – Sex/Gender Discrimination and Harassment)
### Plaintiff v. Defendant CECAA

36. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

37. The Plaintiff was treated differently as to the terms and conditions of her employment
    based upon the Plaintiff's sex/gender and the sexual harassment of her by the Defendant
    Akodo, an employee of the Defendant CECAA.

38. The Plaintiff was constructively discharged from her employment, at least in part, based
    upon her reporting of and/or resisting of said sexual harassment and the sexual
    harassment itself.

39. This environment and the conditions imposed upon the Plaintiff related to and adversely

affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

40. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory and harassing conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Faith Johnson, respectfully requests judgment against the Defendant, Amherst Nursing Home, Inc. d/b/a Center for Extended Care at Amherst, and for all damages available pursuant to Title VII.

**Count III**
**(Title VII – Retaliation)**
**Plaintiff v. Defendant CECAA**

41. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

42. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her sex/gender and her reporting and resisting of sexual harassment. The Plaintiff was retaliated against by management of the Defendant CECAA based upon her sex/gender and for having reported said sexual harassment.

43. The Plaintiff was retaliated against and constructively discharged from her employment, at least in part, based upon her sex/gender and reporting and resisting of said sexual harassment.

44. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

45. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, retaliation and harassment would not continue.

7

WHEREFORE, the Plaintiff, Faith Johnson, respectfully requests judgment against the Defendant, Amherst Nursing Home, Inc. d/b/a Center for Extended Care at Amherst, and for all damages available pursuant to Title VII.

**Count IV**
**(M.G.L. c. 151B - Sexual Harassment)**
**Plaintiff v. Defendant CECAA**

46. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

47. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of her by the Defendant Akodo, an employee of the Defendant CECAA.

48. The Plaintiff was constructively discharged from her employment, at least in part, based upon her reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

49. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.  The Plaintiff suffered a hostile work environment.

50. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Faith Johnson, respectfully requests judgment against the Defendant, Amherst Nursing Home, Inc. d/b/a Center for Extended Care at Amherst, and for all damages available pursuant to M.G.L. c. 151B.

**Count V**
**(M.G.L. c. 151B – Sex/Gender Discrimination and Harassment)**
**Plaintiff v. Defendant CECAA**

51. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

52. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's sex/gender and the sexual harassment of her by the Defendant Akodo, an employee of the Defendant CECAA.

53. The Plaintiff was constructively discharged from her employment, at least in part, based upon her reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

54. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.  The Plaintiff suffered a hostile work environment.

55. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory and harassing conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Faith Johnson, respectfully requests judgment against the Defendant, Amherst Nursing Home, Inc. d/b/a Center for Extended Care at Amherst, and for all damages available pursuant to M.G.L. c. 151B.

**Count VI**
**(M.G.L. c. 151B – Retaliation)**
**Plaintiff v. Defendant CECAA**

56. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

57. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her sex/gender and her reporting and resisting of sexual harassment.  The

Plaintiff was retaliated against by management of the Defendant CECAA based upon her sex/gender and for having reported said sexual harassment.

58. The Plaintiff was retaliated against and constructively discharged from her employment, at least in part, based upon her sex/gender and reporting and resisting of said sexual harassment.

59. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

60. The Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, retaliation and harassment would not continue.

WHEREFORE, the Plaintiff, Faith Johnson, respectfully requests judgment against the Defendant, Amherst Nursing Home, Inc. d/b/a Center for Extended Care at Amherst, and for all damages available pursuant to M.G.L. c. 151B.

**Count VII**
**(Negligence – Negligent Hiring and Supervision)**
**Plaintiff v. Defendant CECAA**

61. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

62. The Defendant CECAA knew or should have known that the Defendant Akodo had a propensity for offensive conduct toward women.

63. On information and belief, the Defendant Akodo has engaged in such conduct in the past and the Defendant CECAA failed to act in order to ensure that this conduct did not occur again in the future.

64. The Defendant CECAA had a duty of care to the Plaintiff as an employee, as well as to its residents, and to ensure that their business is safe.

65. The Defendant CECAA breached said duty of care to the Plaintiff.

WHEREFORE, the Plaintiff, Faith Johnson, demands judgment against the Defendant, Amherst Nursing Home, Inc. d/b/a Center for Extended Care at Amherst, for all damages available under law.

### Count VIII
### (Assault and Battery)
### Plaintiff v. Defendant Akodo

66. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

67. The Plaintiff, in the course of her employment with the Defendant CECAA, was sexually and physically assaulted in or about August of 2012 by the Defendant Akodo, an employee of the Defendant CECAA.

68. As a direct and proximate result of the intentional acts of the Defendant Akodo, the Plaintiff was the subject of an intentional harmful and offensive act by the Defendant Akodo.

WHEREFORE, the Plaintiff, Faith Johnson, demands judgment against the Defendant, Rasidi Akodo, for all damages available under the law.

### Count IX
### (M.G.L. c. 151B - Sexual Harassment)
### Plaintiff v. Defendant Akodo

69. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

70. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of the Plaintiff by the Defendant Akodo.

71. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

72. The Plaintiff was severely and adversely affected by the conduct of the Defendant Akodo

and the failure of the Defendants to take reasonable steps to ensure that this

discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Faith Johnson, respectfully requests judgment against the

Defendant, Rasidi Akodo, and for all damages available pursuant to M.G.L. c. 151B.

### Count X
### (M.G.L. c. 151B – Retaliation)
### Plaintiff v. Defendant Akodo

73. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

74. The Plaintiff was treated differently as to the terms and conditions of her employment

    based upon her reporting of sexual harassment and discrimination.

75. This environment and the conditions imposed upon the Plaintiff related to and adversely

    affected the terms and conditions of her employment.

76. The Plaintiff was severely and adversely affected by the conduct of the Defendant Akodo

    and the failure of Defendants to take reasonable steps to ensure that this discriminatory

    conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Faith Johnson, respectfully requests judgment against the

Defendant Rasidi Akodo and for all damages available pursuant to M.G.L. c. 151B.

### Count XI
### (M.G.L. c. 151B – Sex/Gender Discrimination and Harassment)
### Plaintiff v. Defendant Keeran

77. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

78. The Plaintiff was treated differently as to the terms and conditions of her employment

    based upon the Plaintiff's sex/gender and the sexual harassment of her by the Defendant

    Akodo, an employee of the Defendant CECAA.

79. The Plaintiff was constructively discharged from her employment, at least in part, based

upon her reporting of and/or resisting of said sexual harassment and the sexual

harassment itself.

80. This environment and the conditions imposed upon the Plaintiff related to and adversely

affected the terms and conditions of her employment.  The Plaintiff suffered a hostile

work environment.

81. The Plaintiff was severely and adversely affected by the Defendants' conduct and the

failure of the Defendants to take reasonable steps to ensure that this discriminatory and

harassing conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Faith Johnson, respectfully requests judgment against the

Defendant, Keena Keeran, and for all damages available pursuant to M.G.L. c. 151B.

## Count XII
### (M.G.L. c. 151B – Retaliation)
### Plaintiff v. Defendant Keeran

82. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

83. The Plaintiff was treated differently as to the terms and conditions of her employment

based upon her sex/gender and her reporting and resisting of sexual harassment.  The

Plaintiff was retaliated against by management of the Defendant CECAA based upon her

sex/gender and for having reported said sexual harassment.

84. The Plaintiff was retaliated against and constructively discharged from her employment,

at least in part, based upon her sex/gender and reporting and resisting of said sexual

harassment.

85. This environment and the conditions imposed upon the Plaintiff related to and adversely

affected the terms and conditions of her employment.

86. The Plaintiff was severely and adversely affected by the Defendants' conduct and the

failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, retaliation and harassment would not continue.

WHEREFORE, the Plaintiff, Faith Johnson, respectfully requests judgment against the Defendant, Keena Keeran, and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL AGAINST THE DEFENDANTS ON ALL COUNTS SO TRIABLE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE RULES OF CIVIL PROCEDURE OTHERWISE.**

Respectfully submitted,


The Plaintiff
FAITH JOHNSON
By Her Attorney

/s/ Michael O. Shea                    Dated:  December 17, 2014
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone No. (413) 596-8005
Facsimile No. (413) 596-8095
Email: owenshea@aol.com


CERTIFICATE OF SERVICE

I, Michael O. Shea, Esq., hereby certify that on the 17th day of December, 2014, I served the foregoing document by electronic filing through the ECF system to Counsel of Record for the Defendants.

/s/ Michael O. Shea
Michael O. Shea