UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 3:14-cv-30100-MGM

| | |
|---|---|
| FAITH JOHNSON,                    )<br>                                   )<br>          Plaintiff,              )<br>                                   )<br>          v.                      )<br>                                   )<br>AMHERST NURSING HOME, INC. D/B/A   )<br>CENTER FOR EXTENDED CARE AT        )<br>AMHERST, KEENA KEERNAN and         )<br>RASIDI AKODO,                      )<br>                                   )<br>          Defendants.              ) | Dated:  December 30, 2014 |

**DEFENDANTS AMHERST NURSING HOME, INC. d/b/a CENTER FOR EXTENDED CARE AT AMHERST'S AND KEENA KEERNAN'S [*sic*] MEMORANDUM IN REPLY TO THE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**[Leave to File Granted on December 16, 2014]**

Defendants, Amherst Nursing Home, Inc., d/b/a Center for Extended Care at Amherst and Keena Keeran[1] (hereinafter collectively referred to as "Defendants")[2] hereby submit this Reply for the limited purpose of addressing the Plaintiff's arguments raised in her Opposition to the Defendants' Motion to Dismiss (the "Opposition") related to equitable modification of the statute of limitations applicable to her claims. The Plaintiff has raised new facts in her Opposition in support of her argument for equitable modification, which the Defendants could not have reasonably anticipated at the time they filed their Motion to Dismiss (the "Motion").

---

[1] The current Complaint incorrectly identifies Defendant Keena Keeran as "Keena Keernan". The Plaintiff has filed a Motion seeking to amend her Complaint, which includes among other amendments, a correction to Ms. Keeran's name in the case caption.

[2] The undersigned does not represent Defendant Rasidi Akodo and this Reply is not submitted on his behalf.

Even treating the Plaintiff's new facts as true, neither equitable tolling nor equitable estoppel are appropriate in this case and the Plaintiff's arguments should be rejected.

I.     **Alleged Facts**[3]

In support of her argument for equitable modification, the Plaintiff alleges that she was "misled by management of the Defendant CECAA into believing that the sexual assault was reported to the police and that the Defendant Akodo was terminated as a result of the sexual assault which consequently should have led to the revocation of his nurse's aide certification." Opposition, p. 10.[4] The Plaintiff now claims that it was not until July of 2013 that she became aware that Defendant Akodo had not been terminated, but rather was permitted to resign.[5] Opposition, p. 4.

II.     **Argument**

The Plaintiff bases her argument for equitable modification on the fact that the Defendants allegedly "misled" her into believing that they would be notifying the police of the fact that the Plaintiff had been sexually assaulted by Defendant Akodo, and also the fact that she believed that Defendant Akodo had been terminated following the assault, when in fact he had been permitted to resign. These facts, even if treated as true, simply do not support the

---

[3] The Defendants address in this limited Reply brief only the facts that the Plaintiff has alleged in support of her argument for equitable modification of the statute of limitations. However, the Defendants must note the fact that the Plaintiff raises facts in her Opposition that are neither pled in her original Complaint nor her proposed First Amended Complaint. For example, the Plaintiff asserts in her Opposition that she "sought and retained counsel" in July of 2013 with regard to this matter. Opposition, p. 5. However, nowhere in the Plaintiff's Complaint or proposed First Amended Complaint is the issue of retaining counsel alleged or discussed. The Defendants respectfully submit that any facts alleged in the Opposition that have never been pled by the Plaintiff should be disregarded for the purposes of the Motion to Dismiss.

[4] That the Plaintiff was "misled" by the Defendants was raised for the first time in her First Amended Complaint, which was attached to a Motion to Amend her Complaint that was filed simultaneously with her Opposition.

[5] The July 2013 date referenced, again, was raised for the first time by the Plaintiff in her First Amended Complaint.

application of equitable tolling or equitable estoppel to the Plaintiff's claims of sexual harassment.

The Defendants acknowledge that the filing requirements of Title VII and Massachusetts General Laws Chapter 151B are not jurisdictional prerequisites, but rather, are akin to a statute of limitations, and therefore, may subject to equitable modification. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 752 (1st Cir.1988). Equitable modification doctrines "are to be applied sparingly," however, and federal courts, including the First Circuit, take an extremely narrow view of equitable modifications of the limitations periods in discrimination cases. *Vera v. McHugh*, 622 F.3d 17, 30 (1st Cir. 2010) (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002)); *Conroy v. Boston Edison Co.*, 758 F. Supp. 54, 60-61 (D. Mass. 1991) (citing *Lopez v. Citibank, N.A.,* 808 F.2d 905, 906 (1st Cir.1987)). "[T]he baseline rule is that time limitations are important in discrimination cases, and that federal courts therefore should employ equitable tolling sparingly." *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir. 1999) (citations omitted).

There are two related doctrines by which a plaintiff's failure to make a timely filing with the necessary agency may be excused: equitable estoppel and equitable tolling. *Kale,* 861 F.2d at 752. Equitable tolling excuses a plaintiff's delay in asserting his rights when the plaintiff was unaware of his rights because of employer misconduct. *Romero-Villanueva v. Puerto Rico Elec. Power Auth.*, 112 F. App'x 74, 77 (1st Cir. 2004) (citing *Benitez-Pons v. Commonwealth of Puerto Rico*, 136 F.3d 54, 61 (1st Cir.1998); *Kale*, 861 F.2d at 752). "Equitable estoppel, by contrast, occurs when a party is aware of his rights 'but does not make a timely filing due to his

3

reasonable reliance on his employer's misleading or confusing representations or conduct.'" *Id.* (quoting *Kale*, 861 F.2d at 752).

### a. Equitable Estoppel

"Equitable estoppel is appropriate when an employee is aware of her Title VII rights but does not make a timely filing 'due to [her] reasonable reliance on [her] employer's misleading or confusing representations or conduct.'" *Vera v. McHugh*, 622 F.3d 17, 30 (1st Cir. 2010) (quoting *Kale*, 861 F.2d at 752). "An employee must also show '[e]vidence of either the employer's improper purpose or [her] constructive knowledge of the deceptive nature of his conduct.'" *Id.* (quoting *Kale*, 861 F.2d at 752). "The doctrine of equitable estoppel may be invoked when 'a defendant's conduct causes a plaintiff to delay bringing an action or pursuing a claim he or she was entitled to initiate by law." *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005) (quoting *Kelley v. NLRB*, 79 F.3d 1238, 1247 (1st Cir.1996)).

Here, the Plaintiff has not pled any facts to support the application of equitable estoppel to her claim. It appears that she is arguing that equitable estoppel should apply because she believed Defendant Akodo had been terminated and she later learned that he had resigned. Whether Defendant Akodo was terminated or resigned has absolutely no bearing whatsoever on her claims for sexual harassment. An employer is required to "implement prompt and appropriate corrective action" in response to a claim of harassment. *White v. N.H. Dep't of Corr.,* 221 F.3d 254, 261 (1st Cir. 2000). The Defendants responded to the Plaintiff's complaint by removing Defendant Akodo from the employ of Defendant CECAA; whether Defendant Akodo resigned or was terminated makes no difference under the law, and certainly has no bearing on the Plaintiff's claim.

Furthermore, the Plaintiff's reliance on the fact that the Defendants did not notify the police of the alleged sexual assault is misplaced. The Defendants are unaware of any legal obligation requiring them to notify the police of a sexual assault. The Plaintiff is the adult who allegedly suffered the sexual assault and would be the only person who would have standing to initiate a criminal complaint against Defendant Akodo. Even assuming the Defendants had "misled" the Plaintiff regarding who would be making a report to the police, as she alleges, any criminal charges stemming from the sexual assault would be legally unrelated to any employment discrimination claims she may have.

Additionally, the Plaintiff's argument for the application of equitable estoppel is inconsistent and incompatible with her allegations of a constructive discharge. On the one hand, the Plaintiff argues that her work environment was so intolerable that she felt compelled to resign, while on the other hand she is attempting to assert that she wasn't aware she had a viable claim until July of 2013, when she allegedly learned that Defendant Akodo was not terminated by Defendant CECAA. These inconsistencies are not arguments "in the alternative" but are factual allegations pled to support the same claims.

Even treating the facts asserted by the Plaintiff as true, they do not support the application of equitable estoppel. The Defendants did not mislead the Plaintiff for an improper purpose, such as convincing her she did not have a viable employment discrimination claim. Even if the misrepresentations alleged to have been made by the Defendants are true, such misrepresentations would have no bearing on the viability of the Plaintiff's claims. As such, the Plaintiff's argument for the application of equitable estoppel should be rejected.

      **b.**      <u>**Equitable Tolling**</u>

Equitable tolling excuses a plaintiff's delay in asserting his rights when the plaintiff was unaware of his rights because of employer misconduct. *Romero-Villanueva v. Puerto Rico Elec. Power Auth.*, 112 F. App'x 74, 77 (1st Cir. 2004). The First Circuit has stated that the following factors should be considered in deciding whether to invoke the doctrine of equitable tolling: "'(a) lack of actual notice of filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.'" *Kale,* 861 F.2d at 752 (quoting *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988)).

The Plaintiff makes no allegations whatsoever that the she was misled about or was unaware of her rights to file a claim with the MCAD or the EEOC. Namely, there are no facts in either her original Complaint or her First Amended Complaint that indicate that she was unaware of the filing requirements. Nor is there any basis to even infer that she was diligently pursuing her rights. While the Plaintiff notes in her Opposition that she did not retain counsel until July of 2013, even if that is true, it does not excuse any ignorance of the filing deadlines.

Again, even treating the alleged misrepresentations by the Defendant as true, they do not support the application of equitable tolling to the Plaintiff's claims. Whether Defendant Akodo was terminated or resigned and whether the police were notified of the alleged sexual assault has no bearing whatsoever on the Plaintiff's knowledge of her rights to file claims with the MCAD or the EEOC. Again, the Plaintiff's argument for the application of the doctrine of equitable tolling to her claims should be rejected accordingly.

**III.     Conclusion**

For the foregoing reasons, the Defendants respectfully request that this Court decline to equitably modify the 300-day statute of limitations as requested by the Plaintiff in her Opposition to the Defendants' Motion to Dismiss.

Respectfully submitted,

The Defendants,

AMHERST NURSING HOME, INC.
D/B/A CENTER FOR EXTENDED CARE
AT AMHERST, KEENA KEERNAN

By their Attorney,

<u>/s/ Meghan B. Sullivan and Kate R. O'Brien</u>
Meghan B. Sullivan, Esq.
Federal No.:  635265
Kate R. O'Brien, Esq.
Federal No.:  679999
SULLIVAN, HAYES & QUINN, LLC
One Monarch Place – Suite 1200
Springfield, MA 01144-1200
Tel. (413) 736-4538
Fax (413) 731-8206
E-mail:  Meghan.Sullivan@sullivanandhayes.com;
              Kate.OBrien@sullivanandhayes.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of December, 2014, I electronically filed the *Defendants Amherst Nursing Home, Inc. d/b/a Center for Extended Care at Amherst's and Keena Keernan's [sic] Memorandum in Reply to the Plaintiff's Opposition to Defendants' Motion to Dismiss* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following registered participants:

Michael O. Shea, Esq.
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA  01095
E-mail:  owenshea@aol.com

**Via Mail Only**
Mr. Rasidi Akodu
P.O. Box 3293
Amherst, MA 01004

/s/ *Meghan B. Sullivan and Kate R. O'Brien*
Meghan B. Sullivan, Esq.
Kate R. O'Brien, Esq.