UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  3:14-cv-30100-MGM

| | |
|---|---|
| FAITH JOHNSON,                              ) | |
|                                             ) | |
| Plaintiff,                  ) | |
|                                             ) | |
| v.                                          ) | |
|                                             ) | |
| AMHERST NURSING HOME, INC. D/B/A            ) | |
| CENTER FOR EXTENDED CARE AT                 ) | |
| AMHERST, KEENA KEERAN and                   ) | |
| RASIDI AKODO,                               ) | |
|                                             ) | |
| Defendants.                 ) | Dated:  December 30, 2014 |

**DEFENDANTS AMHERST NURSING HOME, INC. D/B/A CENTER FOR EXTENDED CARE AT AMHERST'S AND KEENA KEERAN'S MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Amherst Nursing Home, Inc., d/b/a Center for Extended Care at Amherst and Keena Keeran (hereinafter collectively referred to as "Defendants")[1] hereby move, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and Local Rule 7.1, to dismiss the Plaintiff's Complaint in its entirety as to the claims alleged against them.  This Motion is based on the statements herein and on Defendants' accompanying Memorandum of Law in support of this Motion.

1.      The Plaintiff's claims for "Sexual Harassment" and "Sex/Gender Discrimination and Harassment" under state and federal law (Counts I, II, IV, and V) are time-barred by the applicable statutes of limitations.  As such, she has failed to state a claim upon which relief can be granted and those claims should be dismissed.

---

[1] The undersigned does not represent Defendant Rasidi Akodo, and as such, this Motion does not address the claims alleged against him in his individual capacity and for which he would be personally liable, more specifically, Counts VIII, IX, and X.

2.     Even if the Plaintiff's claims are not time-barred, she has failed to state claims for "Sexual Harassment" and "Sex/Gender Discrimination and Harassment" under state and federal law (Counts I, II, IV, and V) upon which relief can be granted. More specifically, she has not pled facts sufficient to establish liability of Defendant Amherst Nursing Home, Inc., d/b/a Center for Extended Care at Amherst ("CECAA") for the acts of a non-supervisory coworker of the Plaintiff.

3.     Additionally, the Plaintiff has failed to plead facts establishing that she is entitled to relief as to her claims for Sexual Harassment, Sex/Gender Discrimination and Harassment and Retaliation as to the Defendants (Counts I, II, III, IV, V, VI). Namely, the Plaintiff has failed to plead facts sufficient to establish a constructive discharge and, as such, lacks an essential element of her claims (adverse employment action).

4.     As to the Plaintiff's claims against Defendant Keeran (Counts XI, XII), the Plaintiff has not met her burden of pleading facts to establish that she was subjected to an adverse employment action, an essential element of her claims. As such, she has failed to state a claim upon which relief can be granted as to Defendant Keeran and those claims should be dismissed.

5.     The Plaintiff's common law negligence claim (Count VII) is barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act (Mass. Gen. Laws ch. 152) and/or the Massachusetts Fair Employment Practices Act (Mass. Gen. Laws ch. 151B) and therefore, should be dismissed.

6.     The Plaintiff has failed to meet her burden of establishing this Court's jurisdiction over her claims brought under state law (Counts IV, V, VI, VII, XI, and XII).

For the foregoing reasons and those stated in the Defendant's Memorandum of Law in support of this Motion, the Defendants respectfully request that the Plaintiff's claims against them be dismissed in their entirety.

## REQUEST FOR ORAL ARGUMENT

The Defendants, pursuant to L.R. 7.1(d), respectfully request oral argument on this Motion.

## LOCAL RULE 7.1 CERTIFICATION

Counsel certifies that, at her direction, her office contacted Plaintiff's counsel in good faith in an attempt to resolve or narrow the issues prior to filing this Motion and Plaintiff's counsel has not yet responded.

Respectfully submitted,

The Defendants,

AMHERST NURSING HOME, INC.
D/B/A CENTER FOR EXTENDED CARE
AT AMHERST, KEENA KEERAN

By their Attorney,

*/s/ Meghan B. Sullivan and Kate R. O'Brien*
Meghan B. Sullivan, Esq.
Federal No.:  635265
Kate R. O'Brien, Esq.
Federal No.:  679999
SULLIVAN, HAYES & QUINN, LLC
One Monarch Place – Suite 1200
Springfield, MA 01144-1200
Tel. (413) 736-4538
Fax (413) 731-8206
E-mail:  Meghan.Sullivan@sullivanandhayes.com;
        Kate.OBrien@sullivanandhayes.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2014, I electronically filed the *Defendants Amherst Nursing Home, Inc. D/B/A Center For Extended Care at Amherst's and Keena Keeran's Motion to Dismiss The Plaintiff's First Amended Complaint* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following registered participants:

Michael O. Shea, Esq.
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA  01095
E-mail:  owenshea@aol.com

I hereby certify that on the 30th day of December, 2014, a true copy of *Defendants Amherst Nursing Home, Inc. D/B/A Center For Extended Care at Amherst's and Keena Keeran's Motion to Dismiss The Plaintiff's First Amended Complaint* was served via U.S. mail to the *pro se* Defendant, Rasidi Akodu, at the address listed:

Mr. Rasidi Akodu
P.O. Box 3293
Amherst, MA 01004

*/s/ Meghan B. Sullivan and Kate R. O'Brien*
Meghan B. Sullivan, Esq.
Kate R. O'Brien, Esq.